# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEVON MOORE,** | : | **CIVIL ACTION** |
| *Plaintiff, pro se*, | : | |
| | : | **NO. 25-6899** |
| **v.** | : | |
| | : | |
| **GOBRANDS, INC.,** *et al.*, | : | |
| *Defendants*. | : | |

NITZA I. QUIÑONES ALEJANDRO                                                       DECEMBER 17, 2025

## MEMORANDUM OPINION

On October 8, 2025, Plaintiff, proceeding *pro se*, brought an employment discrimination action against his prior employer, GoBrands, Inc., d/b/a GoPuff, LLC ("Defendant GoPuff") and George Bartlett ("Defendant Bartlett"), his "direct manager," (collectively, "Defendants") pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and the Pennsylvania Human Relations Act, 43 Pa. Con. Stat. §§ 951, *et seq*. (*See* ECF 1-1 at pp. 2-13). In the complaint, Plaintiff avers that he is a resident of Pennsylvania, Defendant GoPuff is a company incorporated in Delaware with a principal place of business in Pennsylvania, and Defendant Bartlett is a resident of Maryland. (*Id.* at p. 6). On November 6, 2025, Plaintiff filed a motion to amend the complaint in state court, which was granted on the next day. (ECF 1 at ¶ 4) (*see also* ECF 1-1 at p. 80).

On December 9, 2025, Defendants filed a notice of removal in federal court pursuant to 28 U.S.C. § 1441, (ECF 1), which, *inter alia*, allows removal of an action from state to federal court if a plaintiff is "pleading a cause of action created by federal law." *Manning v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 772 F.3d 158, 162–63 (3d Cir. 2014), *aff'd*, 578 U.S. 374 (2016) (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005)) (internal quotation marks omitted); *see also* 28 U.S.C. § 1331; *Gunn v. Minton*, 568 U.S. 251, 257

(2013) ("Most directly, a case arises under federal law when federal law creates the cause of action asserted."). Here, one of Plaintiff's claims was brought under a federal statute, the ADA. "Removal statutes are to be strictly construed, with all doubts to be resolved in favor of remand." *Manning*, 772 F.3d at 162 (citing *Brown v. Jevic,* 575 F.3d 322, 326 (3d Cir. 2009)).

In the notice of removal, Defendants note that they were served the amended complaint on November 10, 2025, but that the amended complaint was never filed with the state court. (ECF 1 at ¶¶ 5-6). The state court docket confirms that Plaintiff never filed his amended complaint. (ECF 6 at pp. 1-3).[1] Defendants contend that the amended complaint is the only complaint served unto them and, therefore, the removal from state to federal court was timely effectuated. (*See* ECF 1). On December 10, 2025, Plaintiff filed a timely motion to remand pursuant to 28 U.S.C. § 1447(c), arguing that the removal was untimely, procedurally defective, jurisdictionally improper, and undertaken in bad faith. (*See generally* ECF 4).

As noted, Defendants contend that they were served with an amended complaint on November 10, 2025. (ECF 1 at ¶ 5). That fact, however, is not the complete history of this case. The initial state court complaint apparently was never served on Defendants since it is noted that Plaintiff filed a praecipe to reinstate the complaint on November 3, 2025, and four days later, filed a motion to file an amended complaint. (*Id.* at ¶¶ 2-4); (*see also* ECF 6 at p. 2). That motion was granted on November 7, 2025. (*Id.* at ¶ 4) (*see also* ECF 6 at p. 2). The order granting that motion called for Plaintiff to file his amended complaint "within 20 days" of the order. (ECF 1-1 at p. 95). However, Plaintiff did not file the amended complaint in state court. (*Id.* at ¶ 6) (*see also* ECF 6 at pp. 2-3). Instead, Plaintiff served the amended complaint on Defendants. (*Id.* at ¶ 5). Under this now convoluted procedural posture, Defendants rely on the *service* of the amended

---

[1] This is information from the state court record, including the state court docket, provided to this Court with Defendants' notice of removal.

complaint to support removal of this matter on December 9, 2025, twenty-nine days after service. (ECF 1 at ¶ 10).

Under normal circumstances, *i.e.*, had the amended complaint been filed in state court as the November 7, 2025 Order demanded, (ECF 1-1 at p. 95), and then been the first pleading served on Defendants, that removal would be timely. However, under the procedural posture as it exists, the removal is not proper. In short, there is no operative complaint to remove to federal court as the initial complaint, while filed, was not served, and the amended complaint, while served, was not filed.[2] Clearly, Plaintiff's act of serving the amended complaint shows Plaintiff's intent to make that the operative complaint in this matter. But until it is filed in the state court, it is not eligible for removal. *See* 28 U.S.C. § 1441(a) ("any civil action **brought** in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . .") (emphasis added). Though federal courts have immense powers to correct procedural defects, this is not one of them, as this Court's jurisdiction is explicitly established and so is limited by statute. There is no case or controversy before this Court. Thus, this Court is not at liberty to resolve this situation and finds that the removal was premature. Accordingly, Plaintiff's motion for remand is granted and the matter is remanded to the court from whence it came.

**BY THE COURT:**

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

[2] The Court recognizes that this case remains open at the Philadelphia Court of Common Pleas, Case ID No. 251000834. Plaintiff attached his amended complaint to his motion for leave to amend with the state court. (ECF 1-1 at pp. 80-94). Nonetheless, pursuant to that court's order, Plaintiff was to file separately the amended complaint "within 20 days" of the order. (*Id.* at p. 95). This Court's review of the state docket uncovered that Plaintiff has yet to separately file the amended complaint. (ECF 6 at 1-3). The amended complaint is in the Court of Common Pleas docket as an exhibit, but it has not been separately filed consistent with that court's November 7, 2025 Order. (*See* ECF 1 at ¶ 6).